UNITED STATES, Appellee

v

ROBERT J. WILSON, Private, U. S. Marine Corps,
Appellant

8 USCMA 759, 25 CMR 263

No. 10,922

Decided February 28, 1958

*Commander David Bolton,* USN, was on the brief for Appellant, Accused.

*Lieutenant Colonel Charles H. Beale, Jr.,* USMC, was on the brief for Appellee, United States.

## Opinion of the Court

PER CURIAM:

Upon trial by general court-martial, the appellant, Robert J. Wilson, and John H. Stillwagon, William F. Hoffman, Jr., and Gary M. Kraus were convicted of the offense of conspiracy to escape from lawful confinement, in violation of Article 81, Uniform Code of Military Justice, 10 USC § 881. In addition, the appellant was convicted of the offense of attempting to escape from confinement, in violation of Article 80 of the Code, 10 USC § 880; two offenses of striking a superior noncommissioned officer in the execution of his duties, in violation of Article 91 of the Code, 10 USC § 891; and an offense of assault wherein grievous bodily harm was intentionally inflicted, in violation of Article 128 of the Code, 10 USC § 928. The court-martial sentenced him to a bad-conduct discharge, confinement at hard labor for two years, and forfeiture of all pay and allowances for the same period of time. The other persons involved received varying sentences but, in view of the fact that their rights and privileges are not governed by this appeal, there will be no further reference to them except a short comment about Stillwagon. The convening authority approved the findings and sentence, as did the board of review, and Stillwagon and Wilson filed petitions for grant of review. After fully considering the record, we denied the petition of Stillwagon, but granted the petition of the appellant, Wilson. The issue we considered meritorious in his appeal was whether the instructions on the voluntariness of his confession were prejudicial. Prior to the time we ruled on the petitions, the Government conceded error as to Wilson and filed a motion to remand but, because of other asserted errors and the pendency of Stillwagon's petition for grant of review, the motion was denied. Our denial of Stillwagon's petition leaves for consideration only the errors

assigned by Wilson, and the Government concedes error in the only issue we believe of importance in this appeal.

In instructing on the issue of voluntariness of the confession, the law officer used the instruction which we condemned in United States v Jones, 7 USCMA 623, 23 CMR 87. On numerous occasions since that decision, when assessing prejudice, we have looked to the evidence in the records to determine whether the issue was raised reasonably. In this instance, there can be no question about a factual dispute, for evidence given by the accused shows that he was subjected to physical torture for the purpose of eliciting a statement. While much of his testimony is in sharp dispute with that of other witnesses, his evidence is sufficient to require a finding on his mental freedom to refrain from incriminating himself. When the evidence is in that posture and an erroneous instruction is given to the court-martial, due process of military law requires that the findings affected by the confession be set aside.

In view of the Government's motion to remand, it is unnecessary to consider other facets of the controversy. A rehearing may be ordered.